IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR453 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| VINCENT A. CAULFIELD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's appeal (Filing No. 58) from the Magistrate Judge's order (Filing No. 57) denying the Defendant's motions to file pretrial motions out of time and continue trial. The Defenant filed a supporting brief. (Filing No. 59.)

**FACTUAL BACKGROUND**

The Defendant, Vincent A. Caulfield, was charged on December 17, 2008, in a two-count Indictment with being a felon in possession of a firearm (Count I) and forfeiture (Count II). He was represented by an Assistant Federal Public Defender Jessica Douglas. The pretrial motion deadline was set for January 27, 2009. Ms. Douglas filed a motion to suppress. On February 19, 2009, retained attorney Glenn Shapiro entered his appearance. At Mr. Shapiro's request, the hearing on the motion to suppress was continued to March 11, 2009. The motion to suppress was denied. On April 13, 2009, Mr. Shapiro moved to continue trial to allow the defense to investigate the government's DNA evidence. (Filing No. 35.) The motion was denied for the failure to file a speedy trial affidavit; the defense had been allowed a period of time to do so. Another motion to continue trial was filed

based on the same reason and supported with a speedy trial affidavit. The motion was granted, and trial was continued to June 30, 2009. As of May 27, 2009, the government apparently was still providing discovery regarding its DNA evidence in response to the Defendant's motion to produce, filed on May 12, 2009. (Filing Nos. 43, 47.) Judge Gossett denied the Defendant's motion seeking CJA funds to obtain an expert for DNA analysis because: the motion was untimely; Judge Gossett questioned whether the Defendant qualified for CJA expert funds; and Judge Gossett was not willing to approve an amount over $2,000.00 unless the Defendant showed that "further testing is warranted." (Filing No. 51.)

On June 23, 2009, the Defendant moved to file pretrial motions out of time, arguing: he entered his appearance in April 2009, three months after the expiration of the pretrial motion deadline;[1] prior counsel filed no motions regarding DNA evidence; the Defendant is without funds to retain expert services; the Defendant requests that he be determined indigent based on his financial affidavit and that he be allowed to refile his motion for expert services, requesting $2,000.00. (Filing No. 54.)

Also on June 23, 2009, the Defendant filed a motion to continue trial based on the presentation of the government's DNA evidence and the Defendant's request for expert services relating to that evidence. (Filing No. 55.) The motion was supported by a speedy trial affidavit. (Filing No. 56.)

---

[1] Mr. Shapiro entered his appearance on February 19, 2009. (Filing No. 21.)

Magistrate Judge F.A. Gossett denied both motions (Filing Nos. 54, 57) because "[t]he defendant has not presented any new information that would cause the court to reconsider its order of June 3, 2009 (Doc. 51)." The Defendant appeals from this order. (Filing No. 58.)

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(A) and NECrimR 57.2, the court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter within 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); NECrimR 57.2(c).

On appeal, the Defendant argues that Judge Gossett erred in stating that the Defendant's motion did not present new information. He states that the new information consists of the following: he is indigent; and he filed a financial affidavit.

The Defendant was originally appointed CJA counsel. Although he later retained counsel, apparently with funds provided by his family, his indigent status is not new information. Of greater concern to the Court is that Mr. Shapiro entered his appearance on February 19, 2009, and did not address the government's DNA evidence until raising it as a ground for the motion to continue trial on April 13, 2009. Statements made by Mr. Shapiro indicate that the DNA evidence was provided by the government to original defense counsel; therefore, the evidence was available to Mr. Shapiro in February.

## CONCLUSION

For the reasons discussed, Judge Gossett's order is not clearly erroneous or contrary to law. The appeal is denied.

IT IS ORDERED:

1. The Defendant's appeal (Filing No. 58) from the Magistrate Judge's order (Filing No. 57) is denied; and

2. The Magistrate Judge's order (Filing No. 57) denying the Defendant's motion to file pretrial motions out of time and motion to continue trial is affirmed.

DATED this 26th day of June, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge